**COHAN RASNICK PLAUT LLP**
One State Street, Suite 1200
Boston, Massachusetts 02109
Telephone: (617) 451-3200
www.CRMLLP.com

BY E-Filing

January 30, 2022

The Honorable Sarah L. Cave
U.S. Magistrate Judge
Southern District Court of New York
40 Foley Square, Room 2204
New York, NY 10007

> Plaintiffs' letter-motion for a discovery conference (ECF No. 61 (the "Letter-Motion")) is GRANTED. The Court will address the issues raised in the Letter-Motion at the telephone conference currently scheduled for Tuesday, February 8, 2022 at 2pm (see ECF No. 56). Per the Court's Individual Practices, Defendants shall file a response to the Letter-Motion by **February 2, 2022**.
>
> The Clerk of Court is respectfully directed to close ECF No. 61.
>
> SO ORDERED      1/31/2022
>
> _/s/ Sarah L. Cave_
> SARAH L. CAVE
> United States Magistrate Judge

Re:   Cherotti, and Rosebud Ventures, LLC v. Exphand, Inc. and Frank Nemirofsky
      SDNY C.A. No. 1:20-civ-11102 (SLC)

Dear Judge Cave:

We represent the plaintiffs in this action. We write pursuant to your Individual Rules of Practice ("Rules"), Section II(C)(2) and Local Civil Rule 37.2. We request a Discovery Conference, as we wish to move for an order that Frank Nemirofsky, Marie Nemirfosky and the Rule 30(b)(6) designee of defendant Exphand, Inc. ("Exphand") must appear for their depositions. To date, they have not.

As alleged in this case, Frank Nemirofsky and his wife, Marie Nemirofsky, induced Plaintiff Timothy Cherotti ("Cherotti") to loan defendants the total of $1,352,237.31. See Doc. #51, p. 4, par. 23. Defendants characterize these remittances as "investments", while Cherotti asserts that they were "loans". Through paper discovery (after multiple extensions of time were granted), defendants have admitted that "there were no terms to the investment, [and] there are no documents evidencing the terms on an investment." See Defendants' Interrogatory Responses, par. 3 (provided upon request). Defendants have also admitted that "there are no documents that reflect the terms of any investment". Id., par. 5. Further, defendants admitted: "there were no written investment agreements entered into by the parties that demonstrated Plaintiffs' alleged interest in ExpHand", and "no stock certificates were ever issued". See Defendants' Responses to Requests for Production of Documents, par. 7-8. In order to shore up this evidence in anticipation of a summary judgment motion, Cherotti seeks basic deposition testimony from these key witnesses and parties. The topics for the Rule 30(b)(6) deposition are similarly of a "garden" variety:

> 1. The facts supporting the defenses and affirmative raised by Exphand to the Complaint in this case.

1